NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 11 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STEVEN C. DRURY,

Defendant-Appellant.

No. 22-30172

D.C. No. 4:21-cr-00106-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted April 3, 2024[**]
Portland, Oregon

Before: OWENS and FRIEDLAND, Circuit Judges, and SILVER,[***] District
Judge.

Steven C. Drury appeals his conviction by guilty plea of possession with

intent to distribute methamphetamine. Drury argues the district court improperly

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Roslyn O. Silver, United States District Judge for the
District of Arizona, sitting by designation.

Panel

denied his suppression motion because deputies (i) unlawfully prolonged Mr. Drury's traffic stop without reasonable suspicion, and (ii) seized and searched his motorhome without probable cause. As the parties are familiar with the facts, we do not recount them here. We affirm.

We review the district court's ruling on a motion to suppress *de novo* and the underlying factual findings for clear error. *United States v. Evans*, 786 F.3d 779, 784 (9th Cir. 2015).

## I

The deputies did not unlawfully prolong the traffic stop. During a stop, police officers may (i) make "ordinary inquiries" incident to the stop (e.g., driver's license checks, warrant checks, inspection of vehicle registration and insurance); (ii) make unrelated checks that do not prolong the stop; and (iii) take "certain negligibly burdensome precautions." *Rodriguez v. United States*, 575 U.S. 348, 355–56 (2015). Any continuation of the stop outside these permitted activities requires reasonable suspicion. *Id.*

Drury argues the deputies "asked about irrelevant information in an attempt to develop reasonable suspicion" and "spent twice as much time asking about" the motorhome's source "as they spent resolving his obstructed plate." But even if the deputies' questions were irrelevant or unrelated to the traffic violation, they did not prolong the stop because the deputies asked them in the approximately five

minutes while the deputies requested and obtained Drury's driver's license and then ran criminal history checks. By the time those checks returned, the deputies had gathered the following facts: the be-on-the-lookout notice; the stop's remote location and proximity to known drug users; Drury's latex gloves; surveillance equipment on the motorhome; Drury locking the motorhome as he stepped out; the incorrect bill of sale and lack of proper registration; the tool markings on the motorcycle's misplaced gas tank; and Drury's inconsistent statements about his travel, acquiring the motor home, and reason for being in the area. The district court properly determined these facts established not only reasonable suspicion that justified prolonging the stop, but probable cause to seize and search the motorhome.

## II

The district court properly found the deputies' search and seizure of Drury's motorhome was supported by probable cause. A "warrantless search of an automobile stopped by police officers who had probable cause to believe the vehicle contained contraband" does not violate the Fourth Amendment. *United States v. Ross*, 456 U.S. 798, 799 (1982) (citing *Carroll v. United States*, 267 U.S. 132 (1925)).

Drury argues the deputies' observations did not amount to probable cause because they were each legally insignificant or consistent with innocent conduct.

But this is not the standard.  Cumulative facts can suffice to establish probable

cause, even if each fact is individually "susceptible of innocent explanation."

*United States v. Arvizu*, 534 U.S. 266, 277–78 (2002).  Taken together, the facts

the deputies gathered supported probable cause to seize and search the motorhome.

Drury then argues the warrant was not supported by probable cause and the

deputies did not rely on it in good faith.  These arguments are inapposite because

the district court correctly determined there was probable cause independent of the

warrant to seize and search Drury's motorhome.

\*     \*     \*

The district court properly denied Drury's suppression motion.

**AFFIRMED.**